CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 1 3 2005

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PETER JAMES GIVENS,<br>    Plaintiff, | Civil Action No. 7:05-cv-00448 |
| v. | **MEMORANDUM OPINION** |
| LT. ATKINS, et al.,<br>    Defendant(s). | By: Hon. James C. Turk<br>Senior United States District Judge |

Plaintiff Peter James Givens, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. Givens alleges that officers at the Lynchburg Adult Detention Center (LADC) used excessive force against him on May 20 and 21, 2005. The court filed the complaint conditionally, pending plaintiff's compliance with the filing requirements for in forma pauperis prisoner civil actions, pursuant to 28 U.S.C. § 1915. The court also required plaintiff to amend his complaint to particularize his claims of excessive force. Plaintiff has now substantially complied with §1915 and 42 U.S.C. §1997e filing requirements and has amended his claims with more specific facts. Upon review of the complaint as amended, however, the court concludes that Givens fails to allege facts stating any claim upon which relief could be granted. Accordingly, the court will dismiss the complaint in its entirety, pursuant to 28 U.S.C. §1915A(b)(1). Under this provision, the court may dismiss an action filed by a prisoner against government officials at any time as frivolous, malicious or for failure to state a claim upon which relief may be granted.

I.

Givens alleges the following sequence of events from which his claims arise. On the evening of May 20, 2005, at around 8:00 p.m., Givens asked to speak to a nurse. The nurse gave

1

Givens an ice pack, although he did not request one. Around 11:00 p.m., Officer Day asked Givens to sign an "OTC" form indicating that he would pay for the ice pack. Givens refused to sign and asked to speak to Lt. Atkins. When Day again demanded that he sign the OTC form, Givens flushed the form down the toilet in his cell. Officers did not charge Givens with a disciplinary infraction for destroying the form (state property). Givens went to bed.

Around 3:00 a.m. on May 21, 2005, while Givens was sleeping on the floor of his cell, Lt. Atkins and Sgt. Payne entered the cell and kicked his legs. Payne "violently" pulled Givens' legs and mattress out from under his bunk. Officer Day, Cpl. King, Officer Woodson and another officer were also present. Atkins asked Givens where the OTC sheet was. Givens stated that he had flushed it down the toilet. Payne told Givens to stick his hand down the toilet and get the OTC form or Payne would "beat his ass." Atkins gave Day latex gloves and told Day to hit Givens, but Day did not comply. Payne destroyed Givens' personal mail. Atkins and Payne both stated that next time they would "beat inmate Givens' ass."

The officers then left, but four of them returned in fifteen minutes with a black chair and restraint straps. Atkins demanded that Givens sign a request to be transferred out of segregation and back to general population. Givens signed the request out of fear. Atkins and King made a bet that Officer #126 (not named as a defendant in this action) "couldn't put inmate Givens down." Atkins told Givens that the officer had worked for the Department of Corrections and knew to give blows below the head. Givens refused to fight and begged the officers to leave. They did.

Givens alleges that he received a swollen ankle from the assault. He sues Lt. Atkins, Sgt. Payne, Cpl. King, Officer Woodson, and "BRRJA Officers at LADC," seeking monetary

2

damages for this injury and for mental anguish.

II.

The Eighth Amendment prohibits prison officials from using force unnecessarily and wantonly to inflict pain on inmates. Whitley v. Albers, 475 U.S. 312 (1986). A claim that guards used excessive force against an inmate requires a dual inquiry: (1) the objective nature of the force used and the resulting harm and (2) the subjective intent of the officers. Hudson v. McMillian, 503 U.S. 1 (1992). The key inquiry under the subjective prong of this test is "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. In making this determination, the court must balance such factors as the need for the application of force, the relationship between the need and the amount of force actually applied, and the extent of injury inflicted. Id. De minimis injury can be conclusive evidence that the force used was also de minimis and, therefore, not violative of constitutional protections. See Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994). Thus, absent the most extraordinary circumstances, an inmate cannot prevail on an excessive force claim unless he proves more than de minimis pain or injury. Id. "Not every push or shove" violates a person's constitutional rights, Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973).

Likewise, the constitution does not "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). A prison official's verbal threats alone do not violate an inmate's constitutional rights, even if they cause the inmate emotional anxiety and fearfulness. See Hudspeth v. Figgins, 584 F.2d 1345, 1348 (4th Cir. 1978); Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989). See also 42 U.S.C. § 1997e(e) (inmate cannot

3

recover monetary damages for emotion distress unless he demonstrates physical injury).

III.

Under these principles, Givens' amended complaint fails to allege facts giving rise to any constitutional claim. First, he fails to allege that the officers used physical force against him maliciously, with the intent to inflict unnecessary harm upon him. Givens admits that he destroyed state property by stuffing the OTC form down the toilet. When the officers came into his cell to question him about the form, they used physical contact to awaken him and get him out from under the bunk. While their methods may, in Givens' eyes, constitute unnecessary scare tactics to accomplish their duty to maintain order in the prison, Givens fails to allege the wanton infliction of harm here. Second, Givens does not allege, let alone prove, that the officers' actions caused him more than de minimis harm. He suffered a swollen ankle. Even after the court specifically instructed Givens to amend his complaint with additional details concerning the extent of his injuries, he does not indicate that the ankle injury caused him any significant pain or disability. Thus, the court concludes that the minimal nature of Givens' alleged injury is conclusive evidence that the officers did not use unconstitutional force in awakening him on May 21, 2005, to ask him about the missing OTC form. Finally, Givens has no constitutional claim concerning the officers' verbal threats to "beat" him up, even assuming that these threats greatly frightened him. Again, he suffered no actionable harm as a result of the threats. The court will dismiss this action in its entirety, pursuant to §1915A(b)(1), for failure to state an actionable claim. An appropriate order shall be issued this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days

of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 13th day of September, 2005.

/s/ James C. Turk
Senior United States District Judge